Andrea **GARDFREY** et al., Plaintiffs,

v.

**GARY HOUSING AUTHORITY, et al., Defendants.**

**No. H 80–500.**

United States District Court, N.D. Indiana, Hammond Division.

Jan. 8, 1986.

---

1. The last sentence of Rule 4(g) recites: "Failure to make proof of service does not affect the     validity of the service."

Michael Mulder, Myrna Hart, Valparaiso School of Law, Valparaiso, Ind., William C. Jones, Carrie E. Hewitt, Legal Aid Society of Gary, Gary, Ind., for plaintiffs.

Clorius Lay, Albert Marshall, Gary, Ind., for defendant, Gary Housing Authority.

Thomas M. Greenberg, Merrillville, Ind., for defendant, Basil Sarpos.

## ORDER GRANTING MOTION TO DISMISS

KANNE, District Judge.

Defendants, Gary Housing Authority and Basil Sarpos, have filed a motion to dismiss plaintiffs' complaint for failure to comply with an order directing plaintiffs to amend their complaint by naming the United States Department of Housing and Urban Development (hereinafter HUD) as a party to this action. The defendants rely on this court's finding, made in the June 21, 1984, that HUD is a necessary party to this lawsuit.

Plaintiffs respond that they filed their amended complaint on August 21, 1984 pursuant to this court's order. While they admit they did not name HUD as a party-defendant, plaintiffs contend they did not do so because an amendment to certain federal regulations obviated the need to do so.

In order to rule on the motion to dismiss, it is necessary that the history of this case be more fully set forth.

This case originated in 1980 when plaintiff, Andrea Gardfrey, a recipient of housing assistance payments under the Section 8 Program of the United States Housing Act of 1937 (P.L. 75–412) and the Housing Community Development Act of 1974, 42 U.S.C. § 1437f, was given an eviction notice by her landlord, defendant Sarpos. The housing in question was a privately owned single family residence. Gardfrey alleged that both her landlord, and the Gary Housing Authority (hereinafter GHA) failed to comply with certain procedural requirements prior to evicting her, thereby denying her due process of law. Gardfrey filed suit on August 28, 1980, on behalf of herself and all past, present and future recipients of § 8 housing assistant payments in the City of Gary, Indiana, who have been evicted or will be threatened by eviction, as a result of either nonrenewals or mid-term cancellations of leases.

Plaintiffs contend that the eviction procedures utilized by the defendant landlords and the GHA, deprived plaintiffs of their right to due process of law, in contravention of 42 U.S.C. § 1983, 42 U.S.C. § 1437f and 24 CFR § 882.215. They sought preliminary and permanent injunctive relief and declaratory relief.

At the time plaintiffs filed their complaint, 42 U.S.C. § 1437f(d)(1)(B) stated:

Contracts to make assistance payments entered into by a public housing agency with the owner of the existing housing units, shall provide that—

(b) the agency shall have the sole right to give notice to vacate with the owner having the right to make representation to the agency for termination of the tenancy;

In conjunction with this statutory language, HUD issued the following regulation, also effective at the time this lawsuit was initiated:

The Owner shall not evict any Family unless the Owner complies with the requirements of local law, if any, and of this section. The Owner shall give the Family a written notice of the proposed eviction, stating the grounds and advising the Family that it has 10 days (or such greater number, if any, that may be required by local law) within which to respond to the Owner. The Owner must obtain PHA's authorization for an eviction; accordingly, a copy of the notice shall be furnished simultaneously to the PHA, and the notice shall also state that the Family may, within the same period, present its objections to the PHA in writing or in person. The PHA shall forthwith examine the grounds for eviction and shall authorize the eviction unless it finds the grounds to be insufficient under the Lease. The PHA shall notify the Owner and the Family of its determination within 20 days of the date of the notice to the Family, whether or not the Family has presented objections to the PHA. If the Owner has not received a response from the PHA within 20 days, he shall telephone the PHA and shall be informed by the PHA whether a notice of determination has been mailed. If the PHA informs the Owner that no notice has been mailed within the 20 day period, the PHA shall be deemed to have authorized the eviction.

24 C.F.R. § 882.215

Shortly after the lawsuit was filed, Gardfrey's landlord, defendant Sarpos withdrew

his eviction notice. Consequently, this court found that Gardfrey's request for a temporary restraining order and preliminary injunction were moot but indicated that the case would remain open, in the event Gardfrey wished to pursue a cognizable class action. (See Court's Order September 5, 1980).

Gardfrey did pursue her claims and filed a motion for class certification as well as a motion for leave to file an amended complaint. A hearing on those motions was conducted on June 21, 1984. At that time, this court indicated that HUD was a necessary party to the lawsuit for reasons discussed more fully below. The court also denied leave to file the amended complaint for the reason that the amended complaint was based on § 1437f and C.F.R. § 882.215 as set out above. Both those sections had been amended as of October 1, 1981, and the court ordered that the proposed amended complaint be changed to reflect the fact that § 1437f and C.F.R. § 882.215 had been amended.

Amended Section 1437f(1)(B) now reads:

(d)(1) Contracts to make assistance payments entered into by a public housing agency with the owner of the existing housing units shall provide—

(B)(ii) [that] the owner shall not terminate the tenancy except for serious or repeated violations of the terms or conditions of the lease, for violation of applicable federal, state or local law, or for other good cause.

The amended HUD regulation issued in conjunction with § 1437f now stated:

(b) The Contract and the Assisted Lease shall provide with respect to the unit that the Owner shall neither (i) terminate the tenancy during the term of the Contract and Assisted Lease, nor (ii) refuse to enter into a new Assisted Lease with the Family, unless the Owner decided not to enter into a new Contract with respect to the unit, except for;

(1) Serious or repeated violation of the terms and conditions of the Lease;

(2) Violation of applicable Federal, State or local law; or

(3) Other good cause.

Although these new sections were not part of the proposed amended complaint, they were the subject of discussion on June 21, 1984 with respect to plaintiffs' motion for class certification and this court's subsequent ruling that HUD was a necessary party to the lawsuit.

Plaintiffs argued that the statutory provisions of *amended* § 1437f still required a landlord to provide sufficient notice of his intent to evict and required the GHA to provide the tenant an opportunity to object and conduct a hearing. According to plaintiffs, none of these things had been done in their cases.

Defendants responded by arguing that they followed eviction procedures promulgated by HUD in its handbook and regulations. Therefore, any complaint involving eviction procedures or HUD regulations necessarily involved HUD and HUD should have been joined as a party to the suit. Additionally, GHA argued that since it was in compliance with HUD's handbook, it was not obligated to conduct eviction proceedings in the manner advocated by plaintiffs.

Plaintiffs countered that under earlier interpretations of § 1437f and a more recent interpretation of amended § 1437f, a landlord was obligated to show "good cause" for evicting tenants. Good cause, by its nature, required that an evicted tenant be given notice, an opportunity to make objections, and a hearing. In support of these contentions, plaintiffs relied primarily on *Mitchell v. U.S. Dept. of Housing & Urban Develop.*, 569 F.Supp. 701 (N.D.Cal. 1983) and *Jeffries v. Georgia Residential Financial Authority*, 678 F.2d 919 (11th Cir.1982), *cert. denied* 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1983).

This court heard argument on these matters and reviewed both the *Jeffries* and *Mitchell* opinions. The court found that under the theory of plaintiffs' case, HUD was a necessary party to the lawsuit. In reaching that conclusion, this court noted that HUD had issued an explanation of amended C.F.R. § 882.215 in which HUD stated:

> [HUD] does not *intend to define the bases for termination of tenancy by the owner with more specifity than stated in the statute.* Application of the statutory standards to particular cases should be determined by the courts, normally in the course of the eviction proceeding brought by the owner. *The statute and regulation also no longer require that the PHA play any role in the eviction process.* (Emphasis added.)

HUD's explanation of C.F.R. § 882.215 seemingly indicated that the regulations did not require defendant GHA to become involved in the eviction proceedings to the extent proposed by plaintiffs.

Additionally, it appeared that pursuant to HUD's own interpretation of amended § 1437f, a landlord was free to terminate a lease, *without good cause,* by refusing to renew the lease and withdrawing the rental unit from the market.

> At the end of the term of an assisted lease, the owner may decide not to re-lease the unit with Section 8 assistance, either to the original assisted family or to another assisted family. In this case, the owner is no longer bound by the statutory limitations on the allowable grounds for termination of tenancy. The Conference Report on the 1981 amendments states with respect to the new statutory provisions on the grounds for termination of tenancy that:

> It is not the intention of the Conferees that these statutory provisions govern the relationship between a landlord and a tenant after a landlord has, in good faith, terminated his participation in the Section 8 existing program. (House Report No. 97–208), 1981 U.S.Code Cong. & Ad. News 396, 1053.

The court also noted that the Senate Report on amended § 1437f stated:

> [The amendment] is intended to minimize the disturbance of the private relationship under State law between the unit owner and the tenant. The provision of

housing opportunities for assisted families depends on voluntary participation by private owners of existing housing. *The proposal would assure owners that the procedural and substantive rights of the assisted tenant are the same as those applicable to non-subsidized tenants.* The amendment is expected to encourage more owners to participate in the Section 8 existing housing program. S.Rep. 97–139, 97th Cong., 1st Sess. 256, reprinted in 1981 U.S.Code Cong. & Ad. News 396, 552, (emphasis added)

However, plaintiffs' proposed amended complaint challenged HUD's interpretation of amended § 1437f. Plaintiffs alleged that, despite language indicating that amended § 1437f and C.F.R. § 882.215 did not contemplate GHA's involvement in landlord-tenant relationship, that involvement was necessary to afford plaintiffs their right to due process.

The *Mitchell* case on which plaintiffs relied, involved essentially the same type of contentions made in this case. In the *Mitchell* case, the court ruled that HUD's explanation of C.F.R. § 882.215 and the Senate Report did not preclude plaintiffs from pursuing their claims and that plaintiffs were entitled to additional due process protections.

At the June 21st hearing, the court stated that in its opinion, both the *Mitchell* case and plaintiffs' complaint were based on the allegation that the amended HUD regulations and § 1437f were inadequate. Since HUD's regulations and the statutory provisions pertaining to HUD were being challenged, the court indicated that HUD was a necessary party. The court noted that HUD had been named as a party-defendant in *Mitchell* but had not been named in this case.

Plaintiffs stated that they did not feel that the regulations were inadequate *per se.* Rather, plaintiffs argued those regulations needed to be supplemented by the procedures normally afforded a party under the Due Process Clause.

Defendants pointed out that the fallacy of plaintiffs' argument was that if the HUD regulations, standing by themselves, fell short of constitutional requirements, as plaintiffs contended they did, then the regulations were the subject of plaintiffs' challenge. Therefore, since the regulations were being challenged, whether directly or indirectly, HUD, which issues the regulations and to which § 1437 pertains, was a necessary party to the lawsuit.

This court concluded that HUD's regulations were being challenged and that HUD was a necessary party to this lawsuit. The court found that plaintiffs' position was that subsidized tenants were entitled to rights superior to those of nonsubsidized tenants despite the fact that the Senate Report specifically stated that the purpose of amended § 1437f was to insure that the "procedural and substantive rights of the assisted tenant are the same as those applicable to the non-subsidized tenants". For that reason, this court held that plaintiffs' complaint challenged both the language of § 1437f and C.F.R. § 882.215 and that, HUD was a necessary party to the suit.

The court ordered plaintiffs to file a second proposed amended complaint naming HUD as a defendant and substituting the amended § 1437f and C.F.R. § 882.215 for the repealed provisions.

As previously stated plaintiffs complied with only part of this court's order by filing an amended complaint. Plaintiffs failed however, to name HUD as a party defendant. Plaintiffs contend they did not amend the complaint to include HUD because C.F.R. § 882.215 was once again amended on May 10, 1984.

The May, 1984 amendment, of which neither the parties nor the court was aware at the time of the June hearing, states, in its relevant part:

(c) Termination of Tenancy (for Leases entered into on or after October 1, 1981).

(1) The Owner shall not terminate the tenancy except for:

(i) Serious or repeated violation of the terms and conditions of the lease;

(ii) Violation of Federal, State, or local law which imposes obligations on the tenant in connection with the occupancy or use of the dwelling unit and surrounding premises; or

(iii) Other good cause.

(2) The following are some examples of "other good cause" for termination of tenancy by the Owner: Failure by the Family to accept the offer of a new Lease in accordance with paragraph (a)(4) of this section; a Family history of disturbance of neighbors or destruction of property, or of living or housekeeping habits resulting in damage to the unit or property; criminal activity by Family members involving crimes of physical violence to persons or property; the Owner's desire to utilize the unit for personal or family use or for a purpose other than use as a residential rental unit; or a business or economic reason for termination of the tenancy (such as sale of the property, renovations of the unit, desire to rent the unit at a higher rental). This list of examples is intended as a non-exclusive statement of some situations included in "other good cause," but shall in no way be construed as a limitation on the application of "other good cause" to situations not included in the list.

(3) The Owner may evict the tenant from the unit only by instituting a court action. The Owner must notify the PHA in writing of the commencement of procedures for termination of tenancy, at the same time that the Owner gives notice to the tenant under State or local law. The notice to the PHA may be given by furnishing to the PHA a copy of the notice to the tenant.

(d) Termination of Tenancy (for Leases entered into before October 1, 1981). For Leases entered into before October 1, 1981, the PHA shall have the sole right to give the notice to vacate, with the Owner having the right to make representation to the PHA for termination of tenancy.

. . . .

(g) Applicability. Paragraphs 882.-215(a), (b), (c)(2) and (c)(3) shall be *applicable if a Lease or Contract is entered after May 10, 1984.* (Emphasis added.)

24 C.F.R. § 882.215 (49 Fed.Reg. 12242, as amended at 14729 (1984).

Plaintiffs contend that the amended regulation remedies the "problem under discussion at the June, 1984 hearing. HUD's action in revising the regulation erases the existence of a cause of action against that agency and it would have been frivolous for the plaintiffs to assert one." (Response to Motion to Dismiss.)

In the first instance, certain sections of the amended regulations including those sections which automatically give the tenant a day in court and which define "good cause" only apply to leases entered into after May 10, 1984. Plaintiffs' proposed class action pertains in part to past evictions, including some commenced before May 10, 1984. Therefore, with regard to those evictions to which the previous regulations apply, the amended regulations do not erase the existence of the cause of action as initially alleged by plaintiff unless plaintiffs are prepared to state that the 1981 amendments to the regulations were in conformity with due process requirements.

Additionally, if, as plaintiffs contend, the newly amended C.F.R. § 882.215 cures the procedural defects complained of on June 21, 1984, then this entire case may be moot. At the very least, this case appears to be moot with respect to those leases entered into as of May 10, 1984, since those leases cannot be terminated absent compliance with the new regulation, which, according to plaintiffs, complies with due process requirements.

Plaintiffs' basic contention has been and still is that, while HUD regulations are acceptable, those regulations are inadequate by themselves. If that inadequacy has now been remedied, as plaintiffs contend, and tenants are given their day in court in all further eviction cases, then no cognizable cause of action remains. If however, there are still some unremedied

problems with past evictions, which were based on prior regulatory sections, then plaintiffs' cause of action remains unchanged and this court's ruling of June 21, 1985, still applies. HUD remains a necessary party to this action. Since plaintiffs failed to join HUD, as they were ordered to do, the court now dismisses this cause of action.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is GRANTED and that plaintiffs' cause of action is hereby dismissed, with prejudice, for failure to join a necessary party to this suit as previously ordered by the court.